ROSITA SILVA, Petitioner, *v.* DISTRICT COURT OF SAN
JUAN ET AL., Respondents.

No. 1223.   Argued November 25, 1940.—Decided December 10, 1940.

*Estrella García Capella* for petitioner.   *Villamil & Santana Becerra*
for defendants in the main action.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

The petitioner herein, a married woman, had established
in her name, in house No. 49 on Allen Street, in San Juan,
a beauty parlor: a business in which she has been engaged
for the last seven years.   In order to reduce the cost of the
lease of the premises, the petitioner sublet to the Monteserín
spouses a room and the entrance hall of said house for a
monthly rental of $28.

On June 7, 1939, the petitioner Rosita Silva brought, in the Municipal Court of San Juan, an action against the Monteserín spouses to recover the rent under the sublease pertaining to the months of April and May of the same year. After the complaint had been dismissed and the case appealed to the District Court of San Juan, the plaintiff amended her complaint which was demurred to by the defendants, as they claimed, for lack of facts sufficient to constitute a cause of action in favor of the plaintiff. The specific ground for said demurrer was that as the plaintiff (now petitioner) Rosita Silva was a married woman, it was incumbent on her husband to bring the action for the recovery of the rent owed under the sublease by the defendant spouses.

By the judgment which is now sought to be reviewed, the lower court dismissed the complaint and imposed costs on the plaintiff. The grounds for said judgment are:

1. That the present case is not one of those where a married woman can sue without her husband being joined, in accordance with the provisions of section 54 of the Code of Civil Procedure (1933 ed.) as the action brought is not one between husband and wife nor one in which there is involved a right of homestead or which relates to the separate property of the plaintiff, nor is there any evidence that the spouses are living separate and apart from each other.

2. That the sublease rentals sought to be recovered do not belong to the separate estate of the plaintiff wife, in accordance with the provisions of section 1299 of the Civil Code, 1930 ed.

3. That no application can be made of section 6 of the Code of Commerce, 1932 ed., nor of section 93 of the Civil Code, 1930 ed., because there is no evidence to show that the plaintiff wife is engaged in commerce or industry; because the business of a beauty parlor is not an industry, nor can it be said that a person who engages in the same is a merchant or is engaged in commerce; and because the subletting of premises does not convert the sublessor into a merchant.

4. That the action instituted is for the benefit of the conjugal partnership and must therefor be brought by the husband and not by the wife.

714

The petitioner maintains that the decisions of this court in *Vázquez* v. *Valdés et al.*, 28 P.R.R. 431; *Vázquez* v. *P. R. Ry., Lt. & P. Co.*, 35 P.R.R. 59; *Irizarry* v. *Díaz*, 35 P.R.R. 132; *Dávila* v. *P. R. Ry. Light & P. Co.*, 44 P.R.R. 923; and *Flit* v. *White Star Bus Line, Inc.*, 49 P.R.R. 139, and 50 P.R.R. 95, on which the judgment appealed from is based, are inapplicable to the case at bar; and that the latter must be governed by the provisions of section 6 of the Code of Commerce, 1932 ed., and section 93 of the Civil Code, 1930 ed. The cited sections read as follows:

"Section 6.—A married woman may freely engage in commerce and industry without other formalities than those required for men. In the business or industry in which a woman may engage, her liability shall be confined to her private property, with its fruits, the income therefrom and interest thereon, the immediate and direct profits obtained from such industry or trade, and the property acquired with such profits; and she may dispose of all such property without her husband's consent. Community property shall be liable for the results of the trade or industry undertaken by the woman provided there is express or tacit consent of the husband. If the husband wishes to express his will that such community property shall not be liable, he shall by means of a writing duly certified, notify his wife and the Mercantile Registry, where an entry thereof shall be made in the margin of the registration of the merchant.

"Section 93.—The husband is the legal representative of the conjugal community.

"The wife may contract, and appear in court, in all cases referring to the defense of her own rights and property, to the discharge of the *patria potestas*, guardianship or administration conferred on her by the law, and to the exercise of a profession, employment or occupation."

The first question which we must decide is this: Is the maintenance and operation of a beauty parlor the kind of commerce or industry in which a married woman may freely engage, the express or implied consent of her husband not being a necessary legal requisite therefor?

A beauty parlor is an establishment which is patronized by the ladies in order to have their hair dressed or curled,

to have their nails manicured, and to receive massage and other treatments tending to beautify their faces and bodies. It is a matter of common knowledge that besides those services, the customers of said establishments obtain therein by purchase perfumery, cosmetics, and other articles manufactured in those establishments or purchased by the latter to be resold to their customers. Said establishments are at once commercial and industrial enterprises. It may also be said that a person who engages in the work or in rendering the services that are peculiar to a beauty parlor, whether personally or through employees, is engaged in the exercise of an occupation.

The plaintiff by leasing a house in order to establish therein a beauty parlor performed an act necessary for the installation and operation of the business inherent in that kind of establishments, and by subletting a part of the premises with a view to reducing the general expenses of the business so started, she also performed another act of commerce connected with the same business.

The sublease rental which the defendants were bound to pay to the plaintiff, could not at all be considered as a fruit or liquidated profit of the business of the plaintiff. The latter was bound to pay the rental for the whole house. If the defendants pay rent under the sublease the plaintiff reduces to that extent the general expenses of her business; and if on the contrary they pay nothing, then the plaintiff will be compelled to pay the entire rental.

In order to be able to determine whether the subletting of a part of the house produced profits or losses, it would be necessary to make a liquidation of the entire business of the plaintiff. It is unquestionable that the net profits derived by a married woman from a commercial or industrial enterprise belong to the conjugal partnership. But these net profits can have no legal existence until a liquidation is made of the business which produced them. Until the debts contracted in the business or industry of a married woman are

paid, the separate estate of the latter, its fruits, the income thereof, and interest thereon, the profits which she may earn from the industry or trade, and the property acquired with such profits will remain liable for the payment of said debts. Were we to hold the contrary, we would also have to hold that every time that a married woman, engaged in commerce, makes a sale of an article for a price greater than its cost, the difference between the selling price and the cost instantaneously becomes community property; and in such case if the sale is made on credit and the purchaser defaults in such payment, the husband of the trading woman would have to bring the corresponding action of debt. All this would render ineffective the statutes now in force which recognize the right of a married woman to engage freely in commerce and industry and in other occupations and to appear in court without joining her husband in all cases relating to such activities.

For 'the reasons stated the judgment sought to be reviewed must be set aside and the case remanded to the district court for further proceedings not inconsistent with this opinion.